UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
NANCY M. SHEEHY,

        Plaintiff

    v.                    CIVIL ACTION NO.:
                                13-10637-EFH

CONSUMER SOLUTIONS 3, LLC,

        Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

April 22, 2013

This matter comes before the Court on Plaintiff's motion to remand and for attorney's fees and costs. Defendant is an assignee of a mortgage securing the Plaintiff's loan obligation on a piece of registered land located on Nantucket. On February 5, 2013, the Massachusetts Land Court entered Judgment on an Amended Complaint to Foreclose Mortgage filed by the Defendant. On March 14, 2013, Plaintiff filed the instant Petition to amend the Certificate of Title with the Land Court. The Petition sought an order determining that the mortgage assignments are unenforceable.

Plaintiff asserts that this Court lacks jurisdiction because the Massachusetts Land Court maintains exclusive jurisdiction over amendments to certificates of title. Alternatively, Plaintiff asserts that the amount in controversy does not exceed the $75,000 jurisdictional requirement.[1] The Court denies the Plaintiff's motion.

---

[1] The parties are citizens of different states and the diversity requirement is not contested.

First, Plaintiff contends that the Massachusetts Land Court retains jurisdiction under its enabling statute, which states that the Land Court is vested with "original and exclusive" jurisdiction over Complaints for Registration of Title.  See Mass. Gen. Laws ch 185 § 1.  While the enabling statute may restrict other state courts' jurisdiction, "[a] grant of exclusive jurisdiction by a state legislature cannot divest a federal court of subject matter jurisdiction" Doe v. Fournier, 851 F.Supp.2d 207, 219 (D. Mass. 2012) (internal quotations and alterations omitted); Marshall v. Marshall, 547 U.S. 293, 313-14 (2006) ("[A] State cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction.") (internal quotations omitted).

Second, Plaintiff contends that the doctrine of "prior exclusive jurisdiction" applies to the case at hand.

> The prior exclusive jurisdiction doctrine holds that when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res. . . . [W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039 (9th Cir. 2011).  The doctrine of prior exclusive jurisdiction comes into play where there are parallel state and federal proceedings.  Here, the doctrine does not apply because there is no parallel proceeding in a state court involving the property at issue or the parties.  The present action is the only pending proceeding.

Third, Plaintiff argues that the amount in controversy does not exceed the jurisdictional bar of $75,000 because neither the note nor the purported unpaid balance (which both exceed the statutory bar) are the "object of the litigation."  The Plaintiff contends that there are no damages because her petition is not accompanied by any claim of damages and is merely a petition to

amend the certificate of title to note the invalidity of a particular interest in the land.  Courts, however, "have repeatedly held that the value of the matter in controversy is measured . . . by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1 (1st Cir. 2004).  Here, Plaintiff's petition seeks the invalidation of the Defendant's assignee/mortgagee status by requesting the Land Court to strike one or more of the assignments from the Certificate of Title.[2]  The action's pecuniary consequence is to prevent the Defendant from delivering marketable title.  The property, therefore, is the object of the litigation and its value is the appropriate measure of the amount in controversy.  Contra Issokson v. OneWest Bank, FSB, NO 12-11743-LTS, Slip op. (D. Mass. Jan 8, 2013).

      For the reasons set forth above, Plaintiff's Motion to Remand and for Attorney's Fees and Costs (Docket No. 7) is, hereby, DENIED.

      SO ORDERED.

                                        /s/ Edward F. Harrington  
                                        EDWARD F. HARRINGTON  
                                        United States Senior District Judge

---

[2] Notably, Plaintiff's basis for nullifying the assignment is not based on defects in the face of the documents, but rather on the authority, or lack thereof, of the person who executed the documents.