UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * *

NANCY M. SHEEHY,

           Plaintiffs

                                            CIVIL ACTION NO.:
           v.                               13-10637-EFH

CONSUMER SOLUTIONS 3, LLC,

           Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

September 17, 2013

HARRINGTON, S.D.J.

This matter comes before the Court on Defendant's Motion for Summary Judgment. Defendant is an assignee of a mortgage securing the Plaintiff's loan obligation on a piece of registered land located on Nantucket, Massachusetts.  On February 5, 2013, the Massachusetts Land Court entered Judgment on an Amended Complaint to Foreclose a Mortgage filed by the Defendant.  On March 14, 2013, the Plaintiff filed the instant action, styled as a Petition to Amend the Certificate of Title with the Massachusetts Land Court.  Defendant removed to this Court on March 30, 2013.  The basis of Plaintiff's claim is that the Defendant is not a proper and lawful assignee of the Mortgage and, thus, lacks standing to foreclose.

Defendant asserts that it has established that there is no issue of material fact and that it is entitled to judgment as a matter of law.  Plaintiff contests the motion, contending (1) the Defendant lacks standing to foreclose on the basis of a missing step in the chain of mortgage assignments whereby the Federal Deposit Insurance Corporation (the "FDIC"), who stepped in as

receiver for one of the mortgage holders, transferred the mortgage without memorializing the assignment in writing pursuant to the normal state law procedure; (2) the Defendant lacks standing to foreclose because of a similar missing step in the chain of title for the note, which was not endorsed by the FDIC upon its transfer under normal state law procedures; (3) the Defendant has failed to establish facts demonstrating strict compliance with Mass. Gen. Laws ch. 244, § 14; (4) the Defendant has failed to establish facts demonstrating compliance with Mass. Gen. Laws ch. 244, § 35A.

As to the Plaintiff's first and second argument, the First Circuit has recently held that the FDIC, which operates under federal law in conducting the transfer of receivership assets, need not comply with state law procedures when transferring mortgages. Demelo v. U.S. Bank Nat. Ass'n, No. 12–2485, 2013 WL 4306747, at *5-6 (1st Cir. Aug. 16, 2013). The Demelo Court held:

> The FDIC, as a matter of federal law, succeeded to the assets of Downey Savings as receiver. See 12 U.S.C. § 1821(d)(2)(A). Acting in that capacity, the FDIC was empowered by federal law to "transfer any asset or liability of [the failed bank] . . . without any approval, assignment, or consent with respect to such transfer." Id. § 1821(d)(2)(G)(i)(II). . . . The plaintiffs' mortgage was assigned to U.S. Bank by operation of federal law, which specifically authorizes the FDIC to transfer assets of a failed financial institution "without . . . assignment." 12 U.S.C. § 1821(d)(2)(G)(i)(II).
> . . .
> . . . To demand anything beyond what is spelled out in FIRREA's statutory scheme would require us to turn the Supremacy Clause, U.S. Const. art. VI, cl. 2, upside down. We hold that a transfer of a mortgage, authorized by federal law, obviates the need for the specific written assignment that state law would otherwise require.

Id. at *6.

Accordingly, the FDIC's transfer did not constitute a break in the chain of mortgage

assignments or the chain of title for the note.

Plaintiff's third argument contends that Defendant failed to comply with Mass. Gen. Laws ch. 244, § 14, which states that "in the event a mortgagee holds a mortgage pursuant to an assignment, no notice under this section shall be valid unless . . . the recording information for all recorded assignments is referenced in the notice of sale required in this section."  Upon review of the record, the Court rules the Defendant complied with Section 14.  The Notice of Sale identified the Defendant as the present mortgagee and referenced the Certificate of Title, which listed the entire chain of assignments.  The list of assignments was, therefore, incorporated by reference.  Furthermore, the validity of the chain of assignments was previously litigated in the Massachusetts Land Court prior to the issuance of the notices of sale and Plaintiff's brief related to that litigation reflects her actual knowledge of the chain of assignments.  Plaintiff cannot now claim lack of notice.

Plaintiff's fourth argument contends that Defendant failed to comply with Mass. Gen. Laws ch. 244, § 35A, which requires that a mortgagor receive a 90-day notice of right to cure a default and prohibits a mortgagee, or anyone holding thereunder, from accelerating the maturity of the unpaid balance of a mortgage loan in default until 90 days after notice is given.  Plaintiff asserts that the notice she received was defective because it was printed on the letterhead of the loan servicer rather than that of Defendant.  The Massachusetts Division of Banks has promulgated regulations providing guidance and standardization on compliance with Section 35A.  Those regulations define the terms "mortgagee" and "creditor" to expressly include "mortgage servicer."  Furthermore, the Massachusetts Division of Banks issued a Frequently Asked Question section on its website that advises the following:

3

Q:      The regulations do not explicitly allow for the mortgagee or servicer to
        send the Notice on letterhead.  Is it okay for the lender to send the Notice
        on letterhead?

A:      Yes.  A mortgagee or mortgage servicer or any entity authorized to act on
        behalf of the mortgagee may send the Notice on its letterhead.

Q:      Is it acceptable for the servicer to put its name in the Notice everywhere
        the word "Mortgagee" appears?

A:      Yes.  It is acceptable for the servicer or any entity authorized to act on
        behalf of the mortgagee to put its name in every space that references
        mortgagee.  The references should be consistent throughout the Notice.

Accordingly, the Defendant complied with Section 35A in sending a notice on the

letterhead of the servicer.

For the reasons set forth above, Defendant's Motion for Summary Judgment (Docket No.

11) is, hereby, ALLOWED.

SO ORDERED.


/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge